# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

QUINTON WILLIAMS,

    Defendant.

Case No. 2:03-CR-0046-KJD-RJJ

**ORDER**

    Presently before the Court is Movant's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#68). The Government filed a response in opposition (#69).

I.  Facts

    On July 10, 2002, Defendant was indicted for transportation of a female for prostitution. On December 6, 2002, a few days before trial, the Government moved to dismiss the indictment because two essential witnesses could not be located. On or about December 17, 2002, one of the witnesses, a prostitute, was arrested on a material witness arrest warrant. A new warrant was then issued for Defendant's arrest.

    On December 19, 2002, Magistrate Judge Peggy A. Leen ordered that the witness's deposition be taken the following day in accordance with Federal Rule of Criminal Procedure 15

("Rule 15"). That same day, Defendant's counsel telephoned him in Chicago where Defendant resided and informed the defendant of the new arrest warrant and the pending deposition. Defendant, in his attorney's words, became "exciteable" at the news of the new arrest warrant. Defendant's excited state made it impossible for his counsel to have a meaningful discussion with Defendant in order to make arrangements for his appearance at the deposition. The next day, Defendant's counsel objected to proceeding with the deposition in Defendant's absence. Judge Leen then asked Defendant's counsel to talk to him again to notify him of arrangements to have him transported to the hearing or appear via teleconference. Trial counsel then attempted to call Defendant again, but was told by Defendant's mother that she had no seen him. Defendant did not contact his attorney again until after his arrest on January 2, 2003.

At Defendant's trial neither witness was available. Accordingly, at trial the Government introduced the testimony of one of the prostitutes and a selected portion of the grand jury testimony of the other. Defendant was convicted. On direct appeal, Defendant, represented by the same counsel, challenged the admission of the deposition on the confrontation clause of the Constitution, among other grounds. Defendant did not raise any issue regarding the admission of the grand jury testimony of the other prostitute. The Ninth Circuit Court of Appeals rejected Defendant's challenge based on the confrontation clause.

Now, Defendant has filed the present motion under 28 U.S.C. § 2255 seeking to vacate his sentence. Defendant argues that (1) his trial counsel rendered ineffective assistance of counsel by failing to adequately investigate the requirements of Rule 15 and failing to inform Defendant of his rights under Rule 15; and (2) his sixth amendment rights were violated by the admission of the grand jury proceedings containing extrajudicial hearsay statements.

II.  Analysis

Only a limited number of claims are cognizable under § 2255: (1) claims that the sentence was imposed in violation of the Constitution or federal laws; (2) claims that the district court lacked jurisdiction to impose the sentence; (3) claims that the length of a sentence imposed is in excess of

the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255; United States v. Clark, 781 F.2d 730, 732 (9th Cir. 1986). A § 2255 motion has long been available to attack convictions and sentences where the court at issue lacked jurisdiction or where claims of constitutional error occurred. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Non-constitutional and non-jurisdictional errors may also be raised in a § 2255 motion. See id. However, such an error does not provide a basis for collateral attack unless it is a fundamental defect which inherently results in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure. See id. The Court may dismiss a § 2255 motion without conducting an evidentiary hearing, when the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. See 28 U.S.C. § 2255.

The general rule is that a writ of habeas corpus or a § 2255 motion will not be allowed to be a recapitulation or substitute for an appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); Daniels v. United States, 26 F.3d 706, 711 (7th Cir. 1994). If a movant failed to raise on appeal the claims now at issue in the § 2255 motion, review is even more limited. Non-constitutional and non-jurisdictional claims that could have been raised on appeal, but were not, may not be asserted in a § 2255 motion. See Stone v. Powell, 428 U.S. 465, 477 n.10 (1976). In contrast, constitutional claims cannot be denied solely on the ground that the movant failed to raise them in his direct appeal. See Davis v. United States, 417 U.S. 333, 345 n.15 (1974). When a movant fails to raise his constitutional claims on direct review, a § 2255 motion is only available if the movant establishes either "cause" for the waiver and "actual prejudice" resulting from the alleged violation or "actual innocence." See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167 (1982).

A § 2255 movant can ordinarily establish "cause" by demonstrating that counsel rendered ineffective assistance. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). However, attorney error short of constitutional ineffectiveness does not constitute "cause" notwithstanding that the error was due to ignorance, inadvertence or deliberate strategy. See id. at 752. A § 2255 movant may also

demonstrate "cause" by showing that some objective factor external to the defense impeded counsel's compliance with the procedural rule or ability to raise a particular claim. See id. at 752-54; Murray v. Carrier, 477 U.S. 478, 488-92 (1986). Examples of objective impediments may include a showing that the factual or legal basis for a claim was not reasonably available to counsel or that interference by officials made compliance impracticable. See Murray, 477 U.S. at 488. To show "prejudice," the movant must demonstrate that the alleged errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. See Frady, 456 U.S. at 170. To establish "actual innocence," the movant must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. See Bousley, 523 U.S. at 623. "Actual innocence" means factual innocence and not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339-40 (1992).

### A.  Ineffective Assistance of Counsel for Counsel's Failure to Adequately Investigate the Requirements of Rule 15 and Counsel's Failure to Inform Defendant of His Rights

Movant contends that his counsel provided ineffective assistance by contacting him the day before the scheduled deposition, failing to inform Defendant that he could appear at the deposition via teleconference, and failing to inform Defendant that travel expenses would be paid by the Court. Movant does not dispute that he failed to raise these issues on direct appeal. Thus, Plaintiff must demonstrate either "cause and actual prejudice" or that he is actually innocent. See United States v. Ratigan, 351 F.3d 957, 964 (9th Cir. 2003)(quoting Bousley, 523 U.S. at 623). Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default. See Murray, 477 U.S. at 488. In order to excuse his procedural default, Williams must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).

However, Plaintiff cannot meet his burden in demonstrating that his counsel's performance was deficient. First, Defendant has made substantial factual misstatements. Plaintiff alleges that his counsel knew of the scheduled deposition several days in advance, but only called him the day

4

before. However, the witness to be deposed was taken into custody on December 17, 2002. After her attorney made an appropriate motion under Rule 15(a)(2), Judge Leen ordered the deposition on December 19, 2002. Thus, Defendant's counsel had, at most, one day to contact Defendant and arrange for his appearance at the deposition.

Furthermore, Defendant claims that he made it perfectly clear during his one phone conversation with counsel that he wished to be present at the hearing. However, just the opposite is true. Defendant's counsel stated to the magistrate that upon hearing that a new warrant had been issued for his arrest that Defendant became "exciteable" and that it was impossible to communicate enough with Defendant to arrange his appearance. In fact, Defendant's counsel was never able to locate Defendant again until after his arrest. There is no evidence in the record that suggests that Defendant ever attempted to contact his counsel, attempted to arrange for his appearance in person or by other means, or to communicate necessary facts to counsel to prepare him for the deposition. Instead, the record is clear that Defendant attempted to be unreachable in order to avoid his impending arrest.

Additionally, Defendant cannot show prejudice, because even if his counsel's performance was deficient, the Ninth Circuit Court of Appeals already found that his absence from the deposition did not rise to the level of a constitutional violation. See United States v. Quinton Williams, 116 Fed. Appx. 890, 891 (9th Cir. 2004). Finally, Defendant cannot demonstrate actual innocence. In fact, Defendant has not even contended that he is actually innocent. Because Defendant cannot show cause and prejudice or actual innocence, he has failed to show that he should be excused from his procedural default. The Court, therefore, must deny Defendant's first ground for relief.

B. Use of Unavailable Witness' Grand Jury Testimony

Movant contends that the use of Saniqua Nichols' grand jury testimony violated his Sixth Amendment right to confront witnesses against him. However, Movant also failed to raise this issue on direct appeal. Movant has not even attempted to show cause and prejudice or actual innocence. After examining the record before the Court, the Court concludes that Movant cannot show cause or

1  prejudice.  First, Movant's trial counsel represented him on appeal, and therefore, must have known
2  that the grand jury testimony was admitted over objection.  Additionally, even though this claim was
3  not raised in the appellate court, counsel was aware <u>United States v. Crawford</u>, 1244 S. Ct. 1354
4  (2004), the case Movant relies on for his Sixth Amendment claim, had been decided by the Supreme
5  Court, because Movant's counsel cited <u>Crawford</u> in his reply on direct appeal on a different issue.
6  The mere fact that counsel failed to raise a claim, despite recognizing it, does not constitute cause for
7  a procedural default.  <u>See</u> <u>Ratigan</u>, 351 F.3d at 965.  Therefore, the Court must deny Movant's
8  second ground for relief and deny Movant's motion under section 2255.

9  III.  Conclusion

10         Accordingly, IT IS HEREBY ORDERED that Movant's Motion Pursuant to 28 U.S.C. §
11  2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#68) is **DENIED**.
12         DATED this 1st day of May 2006.

                                          _____
                                          Kent J. Dawson
                                          United States District Judge