# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

QUINTON WILLIAMS,

    Defendant-Petitioner.

Case No. 2:03-CR-0046-KJD-RJJ
          2:06-CV-0038-KJD-RJJ

**ORDER**

    Presently before the Court is Petitioner's Motion for Certificate of Appealability (#72). A petitioner must obtain a certificate of appealability ("COA") in order to appeal a final order denying a habeas corpus petition arising under 28 U.S.C. § 2255. See 28 U.S.C. § 2253(c)(1)(B). A court may issue a COA when "the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). To obtain a COA, a petitioner must meet the "substantial showing" standard with respect to each issue he or she seeks to raise on appeal. See id. § 2253(3); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). When the court has denied a petitioner's claims on the merits, the petitioner must demonstrate that jurists would find the district court's assessment of the claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

On May 1, 2006, the Court denied Petitioner's motion to vacate, set aside, or correct sentence on the merits. In his application for a certificate of appealability, Petitioner seeks to certify the following two issues for appeal:

> (1) Whether his counsel's failure to procure his presence at the deposition of a material witness constituted ineffective assistance of counsel; and
>
> (2) Whether his counsel's failure to raise the use of an unavailable witness's grand jury testimony on appeal constituted ineffective assistance of counsel.

Reasonable jurists would not find the Court's assessment of Petitioner's first claim debatable or wrong. The Ninth Circuit Court of Appeals addressed the underlying issue on the merits on direct appeal and concluded that Petitioner had waived his appearance by his own conduct, and that his Sixth Amendment rights were not violated.

However, despite rejecting Petitioner's arguments when it dismissed Petitioner's § 2255 petition on the second claim, the Court finds that jurists of reason would find it debatable whether his counsel's failure to raise the use of an unavailable witness's grand jury testimony on appeal constituted ineffective assistance of counsel.

By finding that jurists of reason would find the correctness of the ruling on the merits debatable, the court must now take a "quick look" at the face of the § 2255 petition to determine whether the petitioner has facially alleged the denial of a constitutional right. See Lambright, 220 F.3d at 1026. The Court finds that, on the face of the petition, Petitioner alleges the denial of his constitutional rights. Petitioner alleges that he was denied his Sixth Amendment right to the effective assistance of counsel when counsel failed to raise on direct appeal the Confrontation Clause claims arising from the use of Saniqua Nichols' grand jury testimony against Petitioner.

Accordingly, IT IS HEREBY ORDERED that Petitioner's Application for Certificate of Appealability (#161) is **GRANTED in part and DENIED in part;**

IT IS FURTHER ORDERED that the COA is **DENIED** as to the first claim raised by Petitioner;

IT IS FURTHER ORDERED that the COA is **GRANTED** as to the second claim raised by Petitioner, namely:

(2) Whether his counsel's failure to raise on appeal the use of an unavailable witness's grand jury testimony constituted ineffective assistance of counsel.

DATED this 21st day of July 2006.

_____
Kent J. Dawson
United States District Judge

3